UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-87-FDW

| | | |
|---|---|---|
| HAROLD DEAN KANUPP, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| PIEDMONT CORRECTIONAL INSTITUTE,[1] | ) ) | |
| | ) | |
| Respondent. | ) ) | |

**THIS MATTER** comes before the Court on Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), and on Respondent's Motion to Dismiss, (Doc. No. 6). For the following reasons, Respondent's motion to dismiss will be granted, and the petition will be dismissed as untimely.

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on December 12, 2006, in Burke County Superior Court, pled guilty to felony larceny having achieved habitual felon status, and was sentenced to 96-125 months imprisonment, in case 06 CRS 4566. (Doc. Nos. 7-2; 7-3). Petitioner was represented by Douglass L. Hall and did not appeal. On July 21, 2009, Petitioner filed a pro se motion for appropriate relief ("MAR") in Burke County Superior Court. (Doc. No. 7-4). By order dated July 28, 2009, the MAR Court filed an order appointing post-conviction counsel, Rachel LeClair. (Doc. No. 7-5). On or about October 26, 2009, the MAR

---

[1] Petitioner was incarcerated at Piedmont Correctional Institution when he filed this action. Thus, the proper Respondent is the individual custodian of that institution. See Rule 2(a), Rules Governing Section 2254 Cases.

1

Court conducted a post-conviction MAR evidentiary hearing, and on November 13, 2009, issued a detailed order denying the MAR. (Doc. No. 7-6). On around October 30, 2009, Petitioner wrote a pro se letter to Daniel Shar, with the North Carolina Appellate Defender's Office. (Doc. No. 7-7). On December 11, 2009, the Appellate Defender, Staples Hughes, wrote a letter to the Burke County Superior Court on Petitioner's behalf. (Doc. No. 7-8). On December 16, 2007, the court construed the letter as a motion for reconsideration and denied relief. (Doc. No. 7-9). On January 28, 2011, Petitioner filed a certiorari petition, through counsel Mary Cook, in the North Carolina Court of Appeals, seeking review of the Burke County Superior Court's order denying Petitioner's MAR. (Doc. No. 7-10). On February 15, 2011, the state filed a response. (Doc. No. 7-11). On February 18, 2011, certiorari was denied. (Doc. No. 7-12). On July 29, 2011, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, again seeking review of the MAR order. (Doc. No. 7-13). On August 15, 2011, the state filed a response. (Doc. No. 7-14). On August 18, 2011, certiorari was denied. (Doc. No. 7-15).

On July 25, 2012, Petitioner filed a second, pro se MAR in Burke County Superior Court. (Doc. No. 7-16). On August 3, 2012, the second MAR was summarily denied. (Doc. No. 7-17). On August 6, 2012, Petitioner filed a pro se motion to alter or amend judgment and sentence, which motion was denied on August 13, 2012. (Doc. Nos. 7-18; 7-19). On September 6, 2012, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 7-20). On September 20, 2012, the state filed a response. (Doc. No. 7-21). On September 24, 2012, certiorari was denied. (Doc. No. 7-22). On October 21, 2013, Petitioner filed a third, pro se MAR in Burke County Superior Court, which motion was denied the same day. (Doc. Nos. 7-23; 7-24). On November 1, 2013, Petitioner filed another pro se certiorari petition in the North

Carolina Court of Appeals. (Doc. No. 7-25). On November 7, 2013, the state filed a response. (Doc. No. 7-26). On November 12, 2013, certiorari was denied. (Doc. No. 7-27). On December 4, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Supreme Court, which petition was dismissed on January 23, 2014, by order witnessed February 4, 2014. (Doc. No. 1 at 40).

Petitioner placed his pro se federal habeas application in the prison system for mailing on April 1, 2014, and it was stamp-filed in this Court on April 10, 2014. Petitioner contends that: (1) he received ineffective assistance of counsel during his guilty plea proceeding because counsel failed to investigate the value of the stolen lawn mower and advised him to accept the plea or he would receive a 522-month sentence; (2) he received ineffective assistance of post-conviction counsel during his October 26, 2009, evidentiary hearing; (3) the state post-conviction court improperly failed to grant his August 30, 2012, motion for reconsideration; and (4) his felony conviction and sentence were obtained through perjury and false testimony knowingly allowed by the prosecution.[2]

On May 16, 2014, Respondent filed the pending motion to dismiss. (Doc. No. 6). On May 20, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the motion to dismiss. (Doc. No. 8). On May 22, 2014, Petitioner filed a response to the motion to dismiss. (Doc. No. 12).

---

[2] The Court notes that Grounds Two and Three both challenge various aspects of his state post-conviction proceedings. As such, these two Grounds for Relief are not cognizable on federal habeas review. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself."). Thus, even if they were not time-barred, these claims would be subject to dismissal on the merits.

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

## III.    DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Because Petitioner pled guilty and did not appeal, his conviction became final at the latest

December 26, 2006, fourteen days after his December 12, 2006, guilty plea. See N.C. R. App. 4(a) (2006). Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) then ran for 365 days until it fully expired on December 26, 2007. Because Petitioner dated his current pro se federal habeas application form April 1, 2014, and filed it in this Court on April 10, 2014, it is over six years out-of-time. Furthermore, none of Petitioner's state post-conviction motions or petitions served to toll the one-year period of limitation because they were filed after the one-year limitations period had already expired. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

On pages 14-15, paragraph 18, of his pro se federal habeas application form, Petitioner sets forth his reasons why he believes his petition should not be deemed barred by the one-year period of limitation contained in section 2244(d). He contends (1) that he was "totally denied" effective assistance of counsel; (2) he had a brain tumor removed in May 2012 and this affected his thoughts in prison; and (3) he is not guilty because of the value he alleges the stolen property was worth. By his explanation, Petitioner has not shown that the petition was timely filed or that he is entitled to equitable tolling.[3] First, to the extent Petitioner is asserting that he received ineffective assistance of counsel during his guilty plea proceeding, as he alleged in his first ground for relief—that counsel failed to investigate the value of the stolen lawn mower and advised him to accept the plea or he would receive a 522-month sentence—Petitioner has been on actual or constructive notice of the factual predicate of this claim since the date of his December 12, 2006, guilty plea judgment. Second, to the extent Petitioner may be alleging that he received ineffective assistance of court appointed post-conviction counsel, it could not

---

[3] To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

possibly toll the one-year period of limitation because Petitioner's one-year period of limitation had already fully expired December 26, 2007, long before any of the post-conviction lawyers were ever appointed.

Next, Petitioner's May 2012 surgery to remove a brain tumor could not possibly toll the one-year period of limitation because, again, the one-year period of limitation fully expired December 26, 2007, long before the alleged May 2012 brain surgery. Furthermore, Petitioner was able to file numerous petitions and motions from 2009 through 2014. Thus, whatever medical or mental problems Petitioner suffered from his alleged May 2012 brain surgery to remove a tumor does not toll under the circumstances of this case. See generally United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) (generally equitable tolling available due to a prisoner's mental capacity "only in cases of profound mental incapacity"). In sum, Petitioner is not entitled to equitable tolling.

Finally, Petitioner contends he is not guilty because of the value he alleges the stolen property was worth. That is, Petitioner contends that the value of the lawn mower that he stole was valued below $1000 and it was, therefore, a misdemeanor, not a larceny under North Carolina law. (Doc. No. 1 at 13). Petitioner may be intending to raise a claim of actual innocence under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). Although the Supreme Court recognized the existence of an "actual innocence" exception to the one-year period of limitation in McQuiggen, the Court expressly adopted the pre-existing "gateway" test. Id. To establish "actual innocence" sufficient to serve as a "gateway" through which otherwise procedurally defaulted or out-of-time claims can be addressed, Petitioner must show that new evidence, in light of the record as a whole, makes it more likely than not, that no reasonable juror would find

6

him guilty. See Schlup v. Delo, 513 U.S. 298, 327 (1995). In light of his guilty plea, Petitioner has not and cannot meet this standard. In sum, none of the reasons Petitioner sets forth on pages 14-15, paragraph 18, of his pro se federal habeas application form, or any attached documents, shows his petition was timely filed or that Petitioner is entitled to equitable tolling.

In sum, the petition must be dismissed as untimely.

**IV.     CONCLUSION**

For the reasons stated herein, Petitioner's § 2254 motion is untimely, and the petition will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 motion, (Doc. No. 1), is **DENIED** and petition is **DISMISSED**.

2. Respondent's Motion to Dismiss, (Doc. No. 6), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a

constitutional right).

Signed: May 27, 2014

Frank D. Whitney
Chief United States District Judge